UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JONAH INVESTMENT GROUP, LLP, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.4:23-CV-49 |
| EVANSTON INSURANCE COMPANY, | § § § | |
| *Defendant.* | § | |

**DEFENDANT EVANSTON INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant Evanston Insurance Company ("Evanston" or "Defendant") removes the action styled and numbered *Jonah Investment Group, LLP v. Evanston Insurance Company*, Cause No. P-8630-83-CV, currently pending in the 83rd Judicial District Court, Pecos County, Texas to the United States District Court for the Western District of Texas, Pecos Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

**I.   INTRODUCTION**

1.   On October 10, 2023, Jonah Investment Group, LLP ("Plaintiff") commenced this lawsuit by filing Plaintiff's First Amended Petition (the "Petition") in the 83rd Judicial District Court, Pecos County, Texas.[1]

---

[1] *See* Plaintiff's Petition, attached as Exhibit B-1.

2. Plaintiff served Defendant's statutory agent, the Texas Department of Insurance, on October 26, 2023.[2] Defendant received the Petition from its statutory agent on November 24, 2023.[3]

3. This lawsuit arises out of Plaintiff's claim for coverage under a commercial property insurance policy issued by Defendant for physical loss or damage allegedly sustained to Plaintiff's property as the result of a weather event on or around March 2, 2023 (the "Claim").[4]

4. Plaintiff's Petition, which includes a jury demand, names Evanston as the sole defendant in this action.

## II.   NOTICE OF REMOVAL IS TIMELY

5. Defendant received Plaintiff's Petition on November 24, 2023.[5] Accordingly, Defendant files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

## III.   VENUE IS PROPER

6. Venue is proper in the United States District Court for the Western District of Texas, Pecos Division under 28 U.S.C. §§ 124(a)(2) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV.   BASIS FOR REMOVAL

7. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court, and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the

---

[2] *See* Service of Process from Texas Department of Insurance, dated November 14, 2023, attached as Exhibit D.

[3] *Id.*

[4] *See* Exhibit B-1, at ¶ 9.

[5] *See* Exhibit D.

time this action was filed, complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

A. **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

8. The citizenship of a corporation is determined by the states in which it has been incorporated and where it has its principal place of business.[6] Defendant Evanston Insurance Company was at the time this lawsuit was filed, and at the date of this Notice remains, an Illinois corporation with its principal place of business in Illinois. Accordingly, Defendant is a citizen of the state of Illinois for purposes of diversity of citizenship.

9. Plaintiff Jonah Investment Group, LLP is a limited liability partnership organized under the laws of the State of Texas.[7] The citizenship of a limited partnership is determined by the citizenship of all of its partners.[8] Based on a review of public records filed with the Texas Secretary of State, and upon information and belief after a diligent search of publicly available sources,[9] all

---

[6] 28 U.S.C. § 1332(c)(1).

[7] *See* Documents supporting citizenship of Plaintiff, attached as Exhibit C.

[8] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[9] Courts in the Fifth Circuit have held that a defendant who has diligently investigated publicly available sources to determine that a plaintiff business entity is not a citizen of the same state as the defendant, the defendant may affirmatively state the citizenship of the plaintiff business entity upon information and belief. *See Hise Real Est. Invs., LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *3 (E.D. Tex. Jan. 21, 2021); *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after [a reasonable] inquiry, Defendants are still unable to identify the [plaintiff's] members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief."); *see also Rollins v. Fitts*, No. 1:18-CV-198-GHD-DAS, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) ("When a plaintiff has consulted all publicly available sources and determined that no member of the association is likely a citizen of the same state as the plaintiff, he or she may affirmatively state the citizenship of an LLC on information and belief.").

Courts outside the Fifth Circuit have likewise held that parties may properly plead diversity of citizenship upon information and belief. *See, e.g., Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) (holding that a party may make jurisdictional allegations of citizenship based on information and belief as long as it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities' membership status); *Carolina Cas. Ins. Co. v. Team Equip., Inc*., 741 F.3d 1082, 1087 (9th Cir. 2014) (stating that, when jurisdictional information rests exclusively within a party's control, it is permissible for the other side to, at least initially, "allege simply that the [other party is] diverse to it" and "to plead its allegations on

partners of Jonah Investment Group, LLP are domiciled or reside in the State of Texas, and no partners of Jonah Investment Group, LLP are domiciled or reside in the State of Illinois.[10] Because all of Plaintiff's members are citizens of Texas, Plaintiff is likewise a citizen of Texas for diversity jurisdiction purposes.[11]

10. Because Plaintiff and Defendant are citizens of different states, complete diversity of citizenship exists.

**B.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

11. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." If it is facially apparent that Plaintiffs' claims exceed the jurisdictional amount, Defendant's burden is satisfied.[12] When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[13]

12. When a sufficient amount in controversy is not apparent from the pleadings, the removing party must establish by a preponderance of the evidence that the jurisdictional amount

---

the basis of information and belief"); *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state). The Fifth Circuit has cited the Third Circuit's decision in *Lincoln* favorably. *See Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of GA, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (citing *Lincoln*, 800 F.3d at 107 n.31).

[10] *See* Exhibit C.

[11] *See Harvey*, 542 F.3d at 1080 (holding that, for purposes of diversity jurisdiction, the citizenship of a limited liability company is that of its members).

[12] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[13] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

is met. A party can prove up the amount by setting forth summary-judgment-type evidence of facts in controversy that support a finding of the requisite amount.[14] Demand letters and estimates of damages from the claimant are sufficient to establish the amount in controversy according to this standard.[15]

13. Here, Plaintiff's Pre-Suit Demand Letter states that it seeks at least $56,434.21 in contractual monetary relief, which Plaintiff alleges is the amount of unpaid covered damage.[16] The total damages sought by Plaintiff against Defendant in this lawsuit for all elements of damages, inclusive of any compensatory damages, exemplary (treble) damages, punitive damages, statutory penalties, and attorney's fees, but exclusive of interest and costs, exceed $75,000.[17] Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

14. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

### V. COMPLIANCE WITH LOCAL RULES

15. As required by 28 U.S.C. § 1446(a) and Local Rule CV-3(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a. the docket sheet in the state court action as **Exhibit A**;

---

[14] *Id.*

[15] *Victor Gloria v. Allstate Vehicle and Property Insurance Company*, No. 5:18-CV-00073, 2018 WL 8807403, at *2 (S.D. Tex. Dec. 30, 2018); *Wilson v. Allstate Ins. Co.*, No. 416CV00970ALMCAN, 2017 WL 1097213, at *3 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, No. 4:16-CV-970, 2017 WL 1079533 (E.D. Tex. Mar. 22, 2017).

[16] *See* Plaintiff's Pre-suit Demand Letter, at p. 5-6, attached as Exhibit E.

[17] *See* Exhibit B-1, at ¶¶ 51, 56-57, 62-63, 69-70, 76-77, 83-84.

    b. each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date as **Exhibit B (1-5)**;

    c. Evidence of citizenship of Plaintiff as **Exhibit C**;

    d. Evidence of service of citation on Defendant attached as **Exhibit D**; and

    e. Plaintiff's Pre-Suit Demand Letter dated June 15, 2023 as **Exhibit E.**

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the District Court of Comal County, Texas promptly after the filing of this Notice of Removal.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all adverse parties promptly after filing.

## VI. CONCLUSION

WHEREFORE, Defendant Evanston Insurance Company requests that this action be removed from the 83rd Judicial District Court of Pecos County, Texas, to the United States District Court for the Western District of Texas, Pecos Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Todd M. Tippett*
    Todd M. Tippett
    State Bar No. 24046977
    ttippett@zellelaw.com
    Claire A. Fialcowitz
    State Bar No. 24126181
    cfialcowitz@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:	214-742-3000
Facsimile:	214-760-8994

**ATTORNEYS FOR DEFENDANT
EVANSTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on December 13, 2023, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

John Hilary Barkley
john@barkleylawgroup.com
Samantha N. Hasbell
samantha@barkleylawgroup.com
BARKLEY LAW GROUP, INC.
336 North Main Street, Suite 206
Conroe, TX  77301
Telephone:	936-755-4130
Facsimile:	619-924-6886
***Attorneys for Plaintiff Jonah Investment Group, LLP***

    */s/ Todd M. Tippett*
    Todd M. Tippett